**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**COHEN & RIECHELSON**
**BY: Kevin S. Riechelson, Esq**
**PA ID: 58960**
**3500 Quakerbridge Road**
**Suite 203**
**Hamilton, NJ 08619**
**609-394-8585 (P)**
**609-394-8620 (F)**
**kriechelson@crlawoffices.com**

| | |
|---|---|
| **GERRIT EVERSEN AND KATHLEEN EVERSON,**<br>Plaintiffs,<br><br>v.<br><br>**BERNARD GOLDBERG,**<br><br>Defendant. | CIVIL ACTION<br><br>No. ___________________<br><br>JURY DEMAND |

## COMPLAINT

Plaintiffs Gerrit Eversen and Kathleen Eversen, by and through their counsel, Kevin S. Riechelson, of Cohen & Riechelson, file this Complaint against Defendant Bernard Goldberg and aver as follows:

### PARTIES

1. Plaintiffs, Gerrit Eversen and Kathleen Eversen are adult individuals and citizens of the State of New Jersey, domiciled at 21 Carolina Avenue, Ewing, New Jersey 08618, and were residents of the State of New Jersey at the time of the collision giving rise to this action.
2. Defendant, Bernard Goldberg, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 25 Keenan Lane, Holland, Pennsylvania 18966.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiffs are citizens of New Jersey, Defendant is a citizen of Pennsylvania, complete diversity exists between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.
7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides within this District and because a substantial part of the events and omissions giving rise to these claims, including the subject motor vehicle collision, occurred in Bucks County, Pennsylvania, within the Eastern District of Pennsylvania.

## FACTS

8. On May 22, 2026, Plaintiffs were driving in Upper Makefield Township, Pennsylvania, on Wrightstown Road. Defendant was operating his vehicle on Highland Road.
9. The intersection of Wrightstown Road and Highland Road is controlled by 4-way stop signs.
10. Plaintiff, Gerrit Eversen, stopped at the stop sign and then proceeded into the intersection.
11. Defendant, Bernard Goldberg, failed to stop at the stop sign for Highland Road, and proceeded directly into the intersection causing an impact with the Plaintiffs' vehicle.
12. As a result of the violent collision both Plaintiffs sustained injuries and damages.
13. Kathleen Eversen was a passenger in her husband's vehicle and did not operate, steer, control, or otherwise participate in the operation of the motorcycle.

## COUNT I - NEGLIGENCE

14. Plaintiffs incorporate by reference paragraphs 1 through 13 as though fully set forth herein.

15. Defendant, Bernard Goldberg, owed Plaintiffs and other lawful roadway users a duty to operate his motor vehicle with reasonable care and in compliance with the laws of the Commonwealth of Pennsylvania.

16. Defendant, Bernard Goldberg, breached those duties and was negligent and careless in one or more of the following respects:

  a. Failing to maintain a proper and adequate lookout;
  b. Failing to stop at a stop sign;
  c. Failing to observe the Plaintiff's vehicle that had stopped at a stop sign and that was lawfully entering the intersection;
  d. Failing to properly observe approaching traffic before entering the intersection;
  e. Driving into the path of an approaching vehicle;
  f. Failing to yield the right-of-way to the Plaintiff's vehicle;
  g. Failing to keep his vehicle under proper and adequate control;
  h. Failing to timely stop, slow, steer, or otherwise take reasonable evasive action to avoid the collision;
  i. Operating his vehicle without due regard for the rights and safety of other lawful roadway users;
  j. Violating applicable provisions of the Pennsylvania Motor Vehicle Code governing yielding the right-of-way, and safe operation of a motor vehicle; and
  k. Being otherwise negligent and careless under the circumstances.

17. Defendant, Bernard Goldberg's negligence was a factual and proximate cause of the collision and of the injuries and damages sustained by the Plaintiffs.

18. As a direct and proximate result of the collision, Plaintiffs sustained severe, painful, and permanent injuries.

19. Plaintiff, Gerrit Eversen, suffered a fractured sternum and several broken ribs.

20. Plaintiff, Kathleen Eversen, witnessed the accident and injuries to her husband, and was in the zone of danger when the accident occurred, causing her great emotional distress.

21. Plaintiff, Gerrit Eversen, witnessed the accident and injuries to his wife, and was in the zone of danger when the accident occurred, causing great emotional distress.

22. Kathleen Eversen also sustained orthopedic injuries to various parts of her body for which she had to undergo treatment.

23. As a result of the collision and its physical and psychological consequences, Kathleen Eversen has been had difficulty driving a car due to the trauma from this accident and has lost the enjoyment of this and other activities she previously enjoyed.

24. Defendant's negligence has caused the plaintiffs to suffer from negligent infliction of emotional distress.

25. Plaintiffs have incurred and may continue to incur medical and related expenses, economic losses, and other out-of-pocket expenses as a result of the collision.

26. The full nature, extent, and permanency of both Plaintiffs' injuries and damages remain under evaluation because their treatment and recovery are ongoing.

27. As plaintiffs were not residents of Pennsylvania, and their vehicle was not insured in Pennsylvania, they are not subject to the Pennsylvania Motor Vehicle Financial Responsibility Law, and, more specifically not subject to 75 Pa.C.S. § § 1720 and 1722, and all of plaintiff's medical bills are recoverable. In addition, plaintiff's medical bills are not subject to Act VI.

28. Some of Plaintiffs' medical bills may have been paid by Medicare and/or their health insurer and are subject to a statutory lien for which defendant is liable.

**WHEREFORE,** Plaintiffs, Gerrit Everson and Kathleen Eversen, demand judgment against Defendant, Bernard Goldberg, for compensatory damages in an amount in excess of $75,000.00, exclusive of interest and costs, together with such other relief as the Court deems just and proper.

**COUNT II - LOSS OF CONSORTIUM / PER QUOD**

29. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein to the extent applicable to this derivative claim.

30. At all relevant times, Gerrit Everson and Kathleen Eversen were and remain lawful spouses.

31. Before the collision, Plaintiffs enjoyed the ordinary benefits of their marital relationship, including companionship, society, affection, comfort, assistance, services, support, recreation, and consortium.

32. As a direct and proximate result of Defendant, Bernard Goldberg's negligence and the severe injuries sustained by both Plaintiffs, each Plaintiff has suffered and continues to suffer loss and impairment of their spouse's consortium, companionship, society, affection, comfort, assistance, services, and participation in their customary marital and recreational activities.

**WHEREFORE,** Plaintiffs, Gerrit Everson and Kathleen Eversen, demand judgment against Defendant, Bernard Goldberg, for compensatory damages in an amount in excess of $75,000.00, exclusive of interest and costs, together with such other relief as the Court deems just and proper.

**COHEN & RIECHELSON**

Kevin Riechelson

By: ______________________

Kevin Riechelson, Esquire
3500 Quakerbridge Road, Suite 203
Hamilton, NJ 08619
Counsel for Plaintiff Gerrit and Kathleen Eversen

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

GERRIT AND KATHLEEN EVERSEN

**(b)** County of Residence of First Listed Plaintiff MERCER
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
COHEN & RIECHELSON, KEVIN RIECHELSON, ESQ.
3500 QUAKERBRIDGE ROAD, SUITE 203
HAMILTON, NJ 08619 - 609-394-8585

**DEFENDANTS**

BERNARD GOLDBERG

County of Residence of First Listed Defendant BUCKS
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. § 1332(a)(1)

Brief description of cause:
MOTOR VEHICLE ACCIDENT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ________ DOCKET NUMBER ________

DATE
Oct 29, 2026

SIGNATURE OF ATTORNEY OF RECORD
Kevin Riechelson

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: WRIGHTSTOWN ROAD, UPPER MAKEFIELD TWP

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:_________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____________________________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☒ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____________ ______________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.